CHARLES H. CARREON
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Attorney Pro Se



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

CHARLES H. CARREON,

    Plaintiff,

vs.

TOYOTA FINANCIAL SERVICES CDE CORPORATION, TOYOTA MOTOR CREDIT CORPORATION, LITHIA TOYOTA SCION, and Does 1 - 10

    Defendants.

Case No.: CIV 11-39 TUC FRZ

COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT; BREACH OF CONTRACT; AND REQUEST FOR DECLARATORY RELIEF TO PREVENT VIOLATION OF 42 U.S.C. § 1983 BY UNLAWFUL REPLEVIN

JURY TRIAL DEMANDED

**THE PARTIES**

1. Plaintiff Charles H. Carreon ("Plaintiff") is a citizen of the United States, a resident of Tucson, Arizona.

2. Defendant TOYOTA FINANCIAL SERVICES CDE CORPORATION ("TFS") is a California Corporation with its corporate headquarters at 19001 S. Western Avenue, Torrance, CA 90501 and is an auto lender.  Defendant TOYOTA MOTOR CREDIT CORPORATION ("TMCC") is a California Corporation with its corporate headquarters at 19001 S. Western Avenue, Torrance, CA 90501 and operates as a debt collector for TFS.  The two act jointly together, share communications, offices, and General Counsel.

3. Defendant Doe 1 is an auto repossession company operating in Tucson, Arizona, whose identity is otherwise unknown, and will be named upon discovery thereof, and either is a debt collector or is an aider and abettor, agent or co-conspirator of TFS AND TMCC.

4. Does 2 – 10 are additional persons responsible in some way for the harms suffered by plaintiff as alleged herein, and will be named by their true names upon discovery thereof.

## SUBJECT MATTER JURISDICTION

5. This is an action under 15 U.S.C. § 1692k(d), the private right of action statute of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692-1692p; wherefore, this Court has jurisdiction under 28 U.S.C. § 1331.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2).

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

7. Plaintiff restates and realleges each and every allegation made herein as if set forth in full hereat.

8. On or about January 13, 2006, Plaintiff purchased a 2006 Toyota Prius VIN JTDKB20U667065503 (the "2006 Prius") at Lithia Toyota Scion, 1420 N. Riverside, Medford, Oregon 97501 ("Lithia Toyota"). The contract of purchase for the 2006 Prius provides that Plaintiff shall perform the contract by making a downpayment of $3,500 and seventy-two (72) payments of $555.97 beginning February 27, 2006 and ending on January 27, 2012 (the "Prius Contract"). The Prius Contract is governed by Oregon law. The Prius Contract does not provide the following information that is required under Arizona repossession law, to wit, ARS 13-1813.B:

   1. A statement that it is unlawful to fail to return a motor vehicle subject to a security interest within thirty days after receiving notice of default.

   2. A statement that notice of default will be mailed to the address on the loan agreement and that it is the responsibility of the owner to keep the listed address current.

   3. The maximum penalty for unlawful failure to return a motor vehicle subject to a security interest.

9. On information and belief, Lithia Toyota assigned the contract to TFS AND TMCC and remains liable on the contract.

10. Plaintiff has regularly made payments of $555.97 per month to TFS AND TMCC and billing statements reflected payments accurately.

11. However, on the Billing Statement dated September 10, 2010 (Exhibit 1, page 2), TFS AND TMCC failed to credit Plaintiff the $555.97 payment he had made for August, and demanded double the usual payment, plus a late fee of $27.80, for a total of $1,139.74.

12. Plaintiff responded by sending TFS AND TMCC a payment for the September 2010 payment that was due ($555.97) in the form of paper check number 1057 with a letter explaining the error that had been made (Exhibit 1, page 1), and a printout of the electronic "online" payment Plaintiff's Chase bank account (Exhibit 1, page 3) proving that the August payment had in fact been made.

13. Plaintiff continued to make monthly payments; however, TFS AND TMCC failed to credit them.

14. By statement dated 12/10/2010, TFS AND TMCC demanded $1,7791.11, *i.e.*, 3 payments plus a $111.20 late charge. (Exhibit 2.)

15. By demand letter dated 12/15/2010 that fails to provide any of the warnings required under the FDCPA, *i.e.*, "this is an attempt to collect a debt, etc.," TFS AND TMCC demanded a different amount: $1,223.14. (Exhibit 3.)

16. Since it was clear that the billing system within TFS AND TMCC was dysfunctional and that making further payments would not lead to a resolution of TFS AND TMCC' issuance of inaccurate statements and disparate demands for payment, Plaintiff undertook to communicate directly with the General Counsel of TFS AND TMCC, Geri Ann Brewster, that attached documentation showing that TFS AND TMCC had been cashing checks from Plaintiff and there was clearly an excessive demand being made, and *inter alia*, demanded that TFS AND TMCC validate the debt pursuant to 15 U.S.C. § 1692g. (Exhibit 4.) These were mailed to the corporate office of TFS AND TMCC as recorded on the California Secretary of State website (Exhibit 5, page 1), faxed to the office of TFS AND TMCC's General Counsel as recorded in a reliable online legal resource (Exhibit 5, page 2), and emailed to the email address of Geri Ann Brewster as listed on The State of California Bar website (Exhibit 5, page 3). Delivery of the letter to the

11. However, on the Billing Statement dated September 10, 2010 (Exhibit 1, page 2), TFS AND TMCC failed to credit Plaintiff the $555.97 payment he had made for August, and demanded double the usual payment, plus a late fee of $27.80, for a total of $1,139.74.

12. Plaintiff responded by sending TFS AND TMCC a payment for the September 2010 payment that was due ($555.97) in the form of paper check number 1057 with a letter explaining the error that had been made (Exhibit 1, page 1), and a printout of the electronic "online" payment Plaintiff's Chase bank account (Exhibit 1, page 3) proving that the August payment had in fact been made.

13. Plaintiff continued to make monthly payments; however, TFS AND TMCC failed to credit them.

14. By statement dated 12/10/2010, TFS AND TMCC demanded $1,7791.11, *i.e.*, 3 payments plus a $111.20 late charge. (Exhibit 2.)

15. By demand letter dated 12/15/2010 that fails to provide any of the warnings required under the FDCPA, *i.e.*, "this is an attempt to collect a debt, etc.," TFS AND TMCC demanded a different amount: $1,223.14. (Exhibit 3.)

16. Since it was clear that the billing system within TFS AND TMCC was dysfunctional and that making further payments would not lead to a resolution of TFS AND TMCC' issuance of inaccurate statements and disparate demands for payment, Plaintiff undertook to communicate directly with the General Counsel of TFS AND TMCC, Geri Ann Brewster, that attached documentation showing that TFS AND TMCC had been cashing checks from Plaintiff and there was clearly an excessive demand being made, and *inter alia*, demanded that TFS AND TMCC validate the debt pursuant to 15 U.S.C. § 1692g. (Exhibit 4.) These were mailed to the corporate office of TFS AND TMCC as recorded on the California Secretary of State website (Exhibit 5, page 1), faxed to the office of TFS AND TMCC's General Counsel as recorded in a reliable online legal resource (Exhibit 5, page 2), and emailed to the email address of Geri Ann Brewster as listed on The State of California Bar website (Exhibit 5, page 3). Delivery of the letter to the

office of TFS AND TMCC on January 7, 2011 was confirmed by the U.S. Postal Service by online delivery confirmation. (Exhibit 6.)

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff restates and realleges each and every allegation made herein as if set forth in full hereat.

18. TFS AND TMCC were legally required to cease all communications with the Plaintiff until they had validated the debt, and to take no further actions until such validation had occurred. By failing to validate the debt within five days, TFS AND TMCC violated 15 U.S.C. § 1692g.

19. TFS AND TMCC failed to validate the debt or to respond my any communication whatsoever with Plaintiff.

20. Rather, TFS AND TMCC engaged Doe 1 to repossess the 2006 Prius.

21. The 2006 Prius is registered in Arizona with License Number 40LN26.

22. TFS AND TMCC and Doe 1 never provided notification of intent to repossess, such as is required under Arizona repossession law, to wit, ARS 13-1813.A.2:

> The secured creditor notifies the owner in writing, by certified mail return receipt requested, that the owner is ninety days late in making a payment and is in default. The notice shall include the following:
>
> (a) A statement stating:
>
> "You are now in default on loan agreement #_____. If you fail to return the _____ (year of vehicle, make, model) within thirty days you will be subject to criminal prosecution."
>
> (b) The business address and hours of operation for return of the vehicle.
>
> (c) The maximum penalties for unlawful failure to return a motor vehicle subject to a security interest.

23. TMS AND TMCC and Doe 1 also violated Arizona law by failing to perform administrative procedures through the Motor Vehicles Department that are necessary prerequisites to repossessing an automobile, as Plaintiff confirmed at 4:00 p.m. on January 18, 2011 by speaking with MVD operator 5245, who performed a check on the status of ownership of the 2006 Prius and confirmed that it was still registered in the

name of Tara Lyn Carreon, and no documents had been filed to commence repossession or transfer of the 2006 Prius to the lienholder.

24. On January 17, 2011, Doe 1 arrived after dark, at approximately 7:45 p.m. at Plaintiff's home at 2165 S. Avenida Planeta, Tucson, Arizona 85710 ("Plaintiff's home") and demanded of Plaintiff's wife that she relinquish the 2006 Prius. Since neither Plaintiff nor the Prius were at Plaintiff's home, Plaintiff's wife informed Doe 1 of these facts. Doe 1 then announced that since Plaintiff had "refused to relinquish the car, he is guilty of a felony, and will be arrested." The actions of Doe 1 were made on behalf of and with specific authorization of TFS AND TMCC with full knowledge of their wrongfulness, and constituted both a false threat to take unlawful action that neither TFS AND TMCC or Doe1 were authorized to perform in an effort to collect a debt that was disputed.

25. By so doing, TFS AND TMCC and Doe 1 all violated 15 U.S.C. 1692f(6)

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property [when] —
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> * * * ; or

26. Plaintiff has suffered damages to be established according to proof 15 U.S.C. §1692i (1).

27. Plaintiff claims entitled to statutory damages pursuant to 15 U.S.C. §1692i (2)(A).

28. Plaintiff is entitled to fees, costs and attorneys fees 15 U.S.C. §1692i (3).

## SECOND CLAIM FOR BREACH OF CAONTRACT AGAINST DEFENDANTS TFS AND TMCC AND LITHIA TOYOTA FOR BREACH OF CONTRACT

29. Plaintiff restates and realleges each and every allegation made herein as if set forth in full hereat.

30. Plaintiff has substantially performed all his duties of payment under the Prius Contract.

31. TFS AND TMCC and Lithia Toyota have breached the contract by failing to perform their duties to credit Plaintiff for all payments made, by providing false and inaccurate accounts of amounts paid, and by attempting to make collection of excessive amounts through the unlawful threat of repossession.

32. Wherefore Plaintiff has been damaged in an amount to be established according to proof.

33. Plaintiff is entitled to fees, costs and attorneys fees under the Prius Contract.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS TFS AND TMCC AND DOE 1 FOR DECLARATORY RELIEF TO ENJOIN VIOLATION OF 42 U.S.C. § 1983

34. Plaintiff restates and realleges each and every allegation made herein as if set forth in full hereat.

35. An actual dispute has arisen between the Plaintiff and Defendants, in that Plaintiff contends that TFS AND TMCC and Doe 1 have attempted to, and if not restrained, will repeat their attempts to engage in an unconstitutional taking of property in violation of the Fourteenth Amendment right to due process in the form of notice and an opportunity to be heard before being deprived of property; whereas, TFS AND TMCC and Doe 1 contend that their actions in attempting to repossess the 2006 Prius are lawful.

36. Wherefore, Plaintiff seeks an order barring further prosecution of the Superior Court action, and an injunction against any other efforts by TFS AND TMCC and Doe 1 to repossess the 2006 Prius.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

ON THE FIRST CLAIM FOR RELIEF:

1. For economic damages according to proof;
2. For statutory damages of $1,000;
3. For non-economic damages according to proof;
4. For costs and attorneys fees;
5. For punitive damages;

ON THE SECOND CLAIM FOR RELIEF:

6. For economic damages according to proof;
7. For statutory damages of $1,000;
8. For costs and attorneys fees;

ON THE THIRD CLAIM FOR RELIEF:

9. For an injunction barring further attempts to repossess the 2006 Prius;

ON ALL CLAIMS FOR RELIEF, for judgment and such other and further relief as the Court deems just.

Dated:  January 18, 2011

CHARLES H. CARREON

*/s/ Charles H. Carreon*

CHARLES H. CARREON
Attorney Pro Se

## JURY DEMAND

Pursuant to F.R.Civ.P. 38(b), Plaintiff demands a jury trial.

Dated: January 18, 2011

CHARLES H. CARREON

_/s/ Charles H. Carreon_

CHARLES H. CARREON
Attorney Pro Se