1   PHILIP A. OVERCASH #022964
    KUTAK ROCK LLP
2   Suite 300
    8601 North Scottsdale Road
3   Scottsdale, AZ  85253-2742
    (480) 429-5000
4   Facsimile: (480) 429-5001

5   *Attorneys for Defendant*
    *Toyota Motor Credit Corporation d/b/a Toyota*
6   *Financial Services*

7

8                **UNITED STATES DISTRICT COURT**

9              **IN AND FOR THE DISTRICT OF ARIZONA**

10

11  CHARLES H. CARREON,                    CASE NO.  4:11-cv-00039-TUC-FRZ

              Plaintiff/Counter-defendant,  **TOYOTA MOTOR CREDIT
12                                          CORPORATION'S ANSWER AND
    v.                                      AFFIRMATIVE DEFENSES TO
13                                          PLAINTIFF'S FIRST AMENDED
    TOYOTA MOTOR CREDIT                     COMPLAINT**
14  CORPORATION d/b/a TOYOTA
    FINANCIAL SERVICES, et al.             **-AND-**
15
              Defendants/Counter-plaintiffs. **TOYOTA MOTOR CREDIT
16                                          CORPORATION'S
                                            COUNTERCLAIMS AGAINST
17                                          CHARLES H. CARREON and "JANE
                                            DOE" CARREON, WIFE of
18                                          CHARLES H. CARREON**

19

20          COMES NOW Defendant Toyota Motor Credit Corporation d/b/a Toyota Financial

21  Services ("TMCC"), improperly named in this action as separate Defendants Toyota

22  Financial Services CDE Corporation and Toyota Motor Credit Corporation, by and through

23  its undersigned counsel; and for its Answer and Affirmative Defenses to Plaintiff's First

24  Amended Complaint and its Counterclaims against Plaintiff, states as follows.   Any

25  allegations of the First Amended Complaint not specifically admitted herein are expressly

26  denied.

27                              **THE PARTIES**

28          1.    TMCC lacks sufficient knowledge to admit or deny the allegations in

    4815-7066-6505.1

1   paragraph 1, and therefore, denies the same for the present time.

2       2.    TMCC admits that it is a California Corporation located at 19001 S. Western

3   Avenue, Torrance, CA 90501; TMCC denies the remaining allegations in paragraph 2.

4       3.    TMCC denies the allegations in paragraph 3.

5       4.    TMCC lacks sufficient knowledge to admit or deny the allegations in

6   Paragraph 4, and therefore, denies the same for the present time.

7       5.    TMCC denies the allegations in paragraph 5.

8       6.    TMCC lacks sufficient knowledge to admit or deny the identity or existence of

9   Does 4-10, and therefore, denies the same for the present time.  TMCC denies Plaintiff has

10  suffered any harms as alleged in paragraph 6.

11      7.    TMCC lacks sufficient knowledge to admit or deny the allegations in

12  paragraph 7, and therefore, denies the same for the present time.

13           **SUBJECT MATTER JURISDICTION**

14      8.    TMCC denies that this Court has subject matter jurisdiction of this matter

15  under the grounds alleged in paragraph 8.

16           **VENUE**

17      9.    TMCC makes no objection to venue other than its general objection that this

18  court lacks subject matter jurisdiction as set forth in paragraph 8, as noted above.

19           **FACTS RELEVANT TO ALL CLAIMS FOR RELIEF**

20      10.    TMCC reincorporates its responses in paragraphs 1 through 9 above as if fully

21  set forth herein.

22      11.    TMCC lacks sufficient knowledge to admit or deny the allegations in

23  paragraph 11, and therefore, denies the same for the present time.

24      12.    TMCC lacks sufficient knowledge to admit or deny the allegations in

25  paragraph 12, and therefore, denies the same for the present time.

26      13.    TMCC lacks sufficient knowledge to admit or deny the allegations in

27  paragraph 13, and therefore, denies the same for the present time.

28      14.    TMCC lacks sufficient knowledge to admit or deny the allegations in

1  paragraph 14, and therefore, denies the same for the present time.

2      15.    TMCC lacks sufficient knowledge to admit or deny the allegations in

3  paragraph 15, and therefore, denies the same for the present time.

4      16.    TMCC lacks sufficient knowledge to admit or deny the allegations in

5  paragraph 16, and therefore, denies the same for the present time.

6      17.    TMCC denies the Prius Contract incorporated a contract of insurance as

7  alleged in paragraph 17.  TMCC lacks sufficient knowledge to admit or deny the remaining

8  allegations in paragraph 17, and therefore, denies the same for the present time.

9      18.    TMCC admits that it was assigned the Prius (Retail Installment) Contract, that

10  Plaintiff was required to make a $3,500 down payment and seventy-two (72) payments of

11  $555.97 beginning February 27, 2006, and ending on January 27, 2012, and that the Prius

12  Contract is governed by Oregon law.  TMCC denies that the Prius Contract was a contract of

13  adhesion. TMCC lacks sufficient knowledge to admit or deny the remaining allegations in

14  paragraph 18, and therefore, denies the same for the present time.

15      19.    Paragraph 19 states a legal conclusion to which no response from TMCC is

16  required.  If a response is deemed necessary, TMCC lacks sufficient knowledge to admit or

17  deny the allegations in paragraph 19, and therefore, denies the same for the present time.

18      20.    TMCC denies the allegations in paragraph 20.

19      21.    Paragraph 21 states a legal conclusion to which no response from TMCC is

20  required.  If a response is deemed necessary, TMCC lacks sufficient knowledge to admit or

21  deny the allegations in paragraph 21, and therefore, denies the same for the present time.

22      22.    Paragraph 22 states a legal conclusion to which no response from TMCC is

23  required.  If a response is deemed necessary, TMCC lacks sufficient knowledge to admit or

24  deny the allegations in paragraph 22, and therefore, denies the same for the present time.

25      23.    Paragraph 23 states a legal conclusion to which no response from TMCC is

26  required.  If a response is deemed necessary, TMCC lacks sufficient knowledge to admit or

27  deny the allegations in paragraph 23, and therefore, denies the same for the present time.

28      24.    TMCC denies the allegations in paragraph 24.

1   25.   TMCC denies the allegations in paragraph 25.

2   **COUNT I**

3   26.   TMCC reincorporates its responses in paragraphs 1 through 25, above, as if

4   fully set forth herein.

5   27.   TMCC has contemporaneously filed a Motion to Dismiss Count I of Plaintiff's

6   First Amended Complaint, and therefore, no response to this Count is necessary.  TMCC will

7   respond to this Count in the event that the Court denies TMCC's Motion.

8   **COUNT II**

9   28.   TMCC reincorporates its responses in paragraphs 1 through 27, above, as if

10   fully set forth herein.

11   29.   TMCC denies the allegations in paragraph 38.

12   30.   TMCC denies the allegations in paragraph 39.

13   31.   TMCC denies the allegations in paragraph 40.

14   32.   TMCC denies the allegations in paragraph 41.

15   33.   TMCC denies the allegations in paragraph 42.

16   34.   TMCC denies the allegations in paragraph 43.

17   35.   TMCC denies the allegations in paragraph 44.

18   **COUNT III**

19   36.   TMCC reincorporates its responses in paragraphs 1 through 35, above, as if

20   fully set forth herein.

21   37.   TMCC has contemporaneously filed a Motion to Dismiss Count III of

22   Plaintiff's First Amended Complaint, and therefore, no response to this Count is necessary.

23   TMCC will respond to this Count in the event that the Court denies TMCC's Motion.

24   **COUNT IV**

25   38.   TMCC reincorporates its responses in paragraphs 1 through 37, above, as if

26   fully set forth herein.

27   39.   TMCC has contemporaneously filed a Motion to Dismiss Count IV of

28   Plaintiff's First Amended Complaint, and therefore, no response to this Count is necessary.

1    TMCC will respond to this Count in the event that the Court denies TMCC's Motion.

2                                      **COUNT V**

3         40.    TMCC reincorporates its responses in paragraphs 1 through 39, above, as if

4    fully set forth herein.

5         41.    TMCC has contemporaneously filed a Motion to Dismiss Count V of

6    Plaintiff's First Amended Complaint, and therefore, no response to this Count is necessary.

7    TMCC will respond to this Count in the event that the Court denies TMCC's Motion.

8                              **AFFIRMATIVE DEFENSES**

9         1.    As more fully alleged in TMCC's Motion to Dismiss, the First Amended

10   Complaint fails to state facts sufficient to constitute a cause of action against TMCC.

11        2.    Plaintiff's claims are barred in whole or in part by the doctrine of laches.

12        3.    Plaintiff has waived his right to seek the relief sought due to his own acts

13   and/or omissions with reference to the subject matter of the First Amended Complaint.

14        4.    Plaintiff, by reason of his knowledge, statements, conduct, approval,

15   authorization and/or ratification, is estopped from the recovery sought in the First Amended

16   Complaint.

17        5.    The First Amended Complaint is barred in whole or in party by Plaintiff's

18   failure to mitigate his damages.

19        6.    Any injury or damage to Plaintiff is offset by amounts owed to TMCC.

20        7.    Plaintiff was at fault with respect to the matters alleged in the First Amended

21   Complaint, and his recovery, if any, should be barred or reduced in proportion to his

22   comparative fault.

23        8.    Any injury or damages to Plaintiff was a result of the intentional, negligent, or

24   otherwise, wrongful acts of third parties, and any claims against TMCC shall be reduced in

25   proportion to the faults of these third parties.

26        9.    Each of Plaintiff's causes of actions is barred by the equitable doctrine of

27   unclean hands.

28        10.    Plaintiff cannot recover against TMCC due to superseding and intervening

1   causes unrelated to any act by TMCC.

2          11.    Plaintiff's First Amended Complaint is barred by Plaintiff's failure to sue

3   necessary and indispensable parties in the instant action.

4          12.    TMCC's compliance with statutes, rules and regulations, which govern the

5   subject matter of this lawsuit, preclude its liability to Plaintiff.

6          13.    TMCC alleges that its actions if any, were not a substantial factor in causing

7   Plaintiff's harm.

8          14.    The First Amended Complaint does not describe the claims against TMCC

9   with sufficient particularity and certainty to enable TMCC to determine what defenses may

10   exist.  TMCC reserves the right to assert additional defenses that may arise when the precise

11   nature of those claims have been ascertained.

12          15.    If unnamed co-defendants Does were the agents of TMCC, which they were

13   not, their alleged actions, inactions, misrepresentations and/or statements were not

14   authorized or ratified by TMCC, who is not liable for the alleged conduct.

15          16.    Unnamed co-defendants Does are not and were not agents of TMCC, and

16   TMCC cannot be held responsible for the conduct of such unnamed co-defendants Does.

17          17.    Plaintiff's claims are barred by his breach and anticipatory repudiation of his

18   contractual obligations.

19          18.    The acts and/or omissions of TMCC were not the proximate cause of the

20   losses, damage or injuries alleged.

21          19.    TMCC reserves the right to amend this Answer at a later time to assert any

22   matters constituting an avoidance or affirmative defense including, without limitation, those

23   matters set forth in Fed.R.Civ.P. Rule 8(c), 12(b) and 12(c), as discovery shows to be

24   applicable and/or as are disclosed through discovery.

25         WHEREFORE, TMCC prays that this Court dismiss Plaintiff's First Amended

26   Complaint with prejudice and/or enter judgment in its favor, and award Defendant TMCC its

27   reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341.01.

28

**TOYOTA MOTOR CREDIT CORPORATION'S COUNTERCLAIMS
AGAINST CHARLES H. CARREON AND "JANE DOE" CARREON,
WIFE OF CHARLES H. CARREON**

**COMES NOW Counterclaimant Toyota Motor Credit Corporation d/b/a
Toyota Financial Services ("TMCC") and for its claims against Counter-Defendant,
Charles H. Carreon, and "Jane Doe" Carreon, alleges as follows:**

1.      At all times relevant to this action, TMCC was a California corporation, authorized to do business in the states of Arizona and Oregon.

2.      Charles H. Carreon is a natural person and a resident of the state of Arizona.

3.      "Jane Doe" Carreon is a natural person and a resident of the state of Arizona.

4.      Upon information and belief, Charles H. Carreon and "Jane Doe" Carreon are a married couple.

5.      Upon information and belief, the secured collateral which is the subject of this litigation, one 2006 Toyota Prius, is community property of the above referenced marriage, and thus, "Jane Doe" Carreon is a necessary and proper party to this Counterclaim.

## JURISDICTION AND VENUE

6.      This Court has supplemental jurisdiction over the present Counterclaims pursuant to 28 U.S.C. § 1367(a), because the Counterclaims are so related to the Plaintiff's First Amended Complaint and TMCC's Answer thereto, that they form part of the same case or controversy.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1392(a)(2) because a substantial part of the events giving rise to this claim occurred in Arizona.

## FACTUAL BACKGROUND

8.      On or about January 13, 2006, Counter-defendant Charles H. Carreon (hereinafter "CHC") entered into a Retail Installment Contract (hereinafter "Contract") with Lithia Toyota Scion.  *See Exhibit A*, "Contract," attached hereto and incorporated by reference herein.

1    9.    The Contract was associated with Counter-defendant CHC's purchase of a

2    Toyota Prius, VIN JTDKB20U667065503 ("Secured Property").  *Exhibit A.*

3        10.    On or about January 13, 2006, the Contract was assigned to TMCC.  *Exhibit A.*

4        11.    On page 1 of the Contract, under the section entitled "Federal Truth-In-

5    Lending Disclosures," it states that Counter-defendant CHC shall remit seventy-two (72)

6    payments of $555.97, beginning February 27, 2006, and ending January 27, 2012.  *Exhibit A.*

7        12.    The Contract states that Counter-defendant CHC is giving a security interest in

8    the goods/property being purchased a/k/a the Secured Property.  *Exhibit A.*

9        13.    On page 2 of the Contract, under the section entitled "Default," it states that "it

10   will be a default if any payment on this contract is not received when it is due."  *Exhibit A,*

11   *p.2.*

12       14.    On page 2 of the Contract, under the section entitled "Your Rights After

13   Default," it states that, in the event of a default, the assignee of the contract may do any of

14   the following:

15            a.    Declare the entire contract balance immediately due and payable all at

16   once without notification;

17            b.    Sue to recover the entire contract balance, including collection costs and

18   attorney's fees; and/or

19            c.    Take the property without notice.

20   *Exhibit A, p. 2.*

21       15.    Counter-defendant CHC failed to make monthly payments as required by the

22   Contract.  *See Exhibit B,* "Statement of Account," attached hereto and incorporated by

23   reference herein.

24       16.    Counter-defendant CHC failed to make monthly payments as required by the

25   Contract.  *See Exhibit B,* "Statement of Account," attached hereto and incorporated by

26   reference herein.

27       17.    Counter-defendant CHC's June, July, August, and September 2010 payments

28   were late.  *Exhibit B.*

4815-7066-6505.1                              8

18.    The last payment made by Counter-defendant CHC was applied to the installment due September 27, 2010, although said payment was not received until November 5, 2010.  *Exhibit B.*

19.    Counter-defendant CHC has not made a payment since November 5, 2010. *Exhibit B.*

20.    Counter-defendants CHC and "Jane Doe" Carreon are currently in possession of the Secured Property.

21.    On or about November 1, 2010, TMCC sent Counter-defendant CHC a 'Notice and Opportunity to Cure' letter.  *See Exhibit C*, "Cure Notice," attached hereto and incorporated by reference herein.

22.    On or about December 15, 2010, TMCC sent Counter-defendant CHC a late notice.  *See Exhibit D*, "Late Notice," attached hereto and incorporated by reference herein.

23.    On or about January 4, 2011, Counter-defendant CHC sent TMCC a letter and provided bank statements which Counter-defendant CHC (erroneously) believed should demonstrate that his account was current.  *See Exhibit E*, "January 4 Letter," attached hereto and incorporated by reference herein.

24.    On or about January 25, 2011, TMCC responded in writing to Counter-defendant CHC's January 4 letter, advised him that all received payments had been properly credited to his account and also provided Counter-defendant CHC with a detailed account payment history.  *See Exhibit F*, "January 25 Letter," attached hereto and incorporated by reference herein.

25.    TMCC's January 25 letter also requested Counter-defendant CHC to provide additional proof of payment, if he continued to believe he had not received credit for certain payments.  *Exhibit F.*

26.    Counter-defendant CHC has not provided TMCC any evidence that he was not properly credited for payments made.  *Exhibit B; Exhibit E; Exhibit F.*

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

27.    TMCC restates the allegations contained in paragraphs 1 through 26, above, as if fully set forth herein.

28.    The Contract required Counter-defendant CHC to make certain monthly payments.  *Exhibit A*.

29.    The Contract was assigned to TMCC.  *Exhibit A*.

30.    TMCC fully performed under the Contract, as agreed.

31.    Counter-defendant CHC failed to make monthly payments as agreed. *Exhibit B*.

32.    Despite TMCC's November 1, 2010, December 15, 2010, and January 25, 2011, letters, Counter-defendant CHC's account remains in default.  *Exhibit B*.

33.    Despite not having made a payment since September 27, 2010 (which was received by TMCC on November 5, 2010), Counter-defendant CHC and "Jane Doe" Carreon remain in possession of the Secured Property.  *Exhibit B*.

34.    The amount due and owing is $8,535.38, plus interest at the rate of 7.5 percent, plus reasonable attorneys' fees and costs.  *Exhibit A; Exhibit B*.

35.    As Counter-defendant CHC has breached the terms of the Contract, TMCC is entitled to possession of the Secured Property.

WHEREFORE, Cross-Complainant TMCC prays for the following:

   a)    Judgment against Counter-defendants Charles H. Carreon and "Jane Doe" Carreon in the amount of $8,535.38, plus interest at the contract rate of 7.5 percent, reasonable attorneys' fees, and all costs of this action; or in the alternative

   b)    An Order granting TMCC permission to repossess the Secured Property and sell it in a commercially reasonable manner, together with a judgment against  Counter-defendants Charles H. and "Jane Doe" Carreon for any deficiency balance remaining on the Contract after said sale, plus reasonable attorneys' fees and the costs of this action; and

   c)    Such further relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION

### (Anticipatory Repudiation)

36.     TMCC restates the allegations contained in paragraphs 1 through 29 above as if fully set forth herein.

37.     Counter-defendant CHC failed to make monthly payments as required by the Contract. *Exhibit A; Exhibit B*.

38.     Counter-defendant CHC's January 4, 2011, letter stated, "I will make no further payments on this account until I receive a clear and accurate statement that gives me full credit for all payments I have made, and eliminates all claims for late payments." *Exhibit D*.

39.     The Contract contains no provision which would allow Counter-defendant CHC to suspend performance. *Exhibit A*.

40.     Counter-defendant CHC's January 4, 2011, letter was an unequivocal refusal to perform his obligations under the Contract. *Exhibit A; Exhibit D*.

41.     Counter-defendant CHC's refusal to make his monthly payments constitutes a material breach of the Contract.

42.     Counter-defendant CHC's material breach excuses TMCC's duty of performance.

43.     Counter-defendant CHC was provided a detailed account statement on January 25, 2010. *Exhibit F*.

44.     Despite Counter-defendant CHC's material breach, and receipt of evidence of his default, Counter-defendant CHC has failed and/or refused to cure his breach and has retained possession of the Secured Property. *Exhibit B*.

WHEREFORE, Cross-Complainant TMCC prays for judgment against Counter-defendant Charles H. Carreon in the amount of $8,535.38, plus interest at the contract rate of 7.5 percent, reasonable attorneys' fees, its costs for this action, and such further relief as the Court deems just and equitable.

4815-7066-6505.1

1

**THIRD CAUSE OF ACTION**

2

**(Unjust Enrichment)**

3       45.    TMCC restates the allegations contained in paragraphs 1 through 38, above, as

4   if fully set forth herein.

5       46.    TMCC conferred a benefit to Counter-defendant CHC by virtue of its

6   financing of the Secured Property, and by virtue of its putting Counter-defendant CHC in

7   possession of the Secured Property. *Exhibit A.*

8       47.    Counter-defendant CHC had an appreciation and knowledge of the benefits

9   conferred by TMCC, as evidence in his retention of the Secured Property and failure to remit

10  payment in full under the Contract. *Exhibit A; Exhibit B.*

11      48.    Counter-defendant CHC has failed to remit payment to TMCC for the value of

12  the benefits conferred. *Exhibit B.*

13      49.    The value of the benefits conferred by TMCC to Counter-defendant CHC and

14  "Jane Doe" Carreon is $8,535.38, plus interest at the rate of 7.5 percent, reasonable

15  attorneys' fees and costs. *Exhibit A; Exhibit B.*

16      50.    TMCC is entitled to possession of the Secured Property.

17      WHEREFORE, Cross-Complainant TMCC prays for the following:

18          a)    Judgment against Counter-defendants Charles H. and "Jane Doe"

19  Carreon in the amount of $8,535.38, plus interest at the contract rate of 7.5 percent,

20  reasonable attorneys' fees, and all costs of this action; or in the alternative;

21          b)    An Order granting TMCC permission to repossess the Secured Property

22  and sell it in a commercially reasonable manner, together with a judgment against Counter-

23  defendants Charles H. and "Jane Doe" Carreon for any deficiency balance remaining on the

24  Contract after said sale, plus reasonable attorneys' fees and the costs of this action; and

25          c)    Such further relief as the Court deems just and equitable.

26  / / /

27  / / /

28  / / /

1      Dated this 8th day of April, 2011.

2                                     KUTAK ROCK LLP

By    s/   Philip A. Overcash
        Philip A. Overcash #022964
        Suite 300
        8601 North Scottsdale Road
        Scottsdale, AZ  85253-2742
        (480) 429-5000 (Telephone)
        (480) 429-5001 (Facsimile)

*Attorneys for Defendant Toyota Motor Credit Corporation d/b/a Toyota Financial Services*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2011, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants. I further certify that I served the above document by U.S. First-Class Mail to the following who is not a registered participant of the CM/ECF System:

Charles H. Carreon
2165 S. Avenida Planeta
Tucson, AZ 85710

                       s/  Kathryn Ann Fitchett
                       Certified Paralegal

4815-7066-6505.1