CHARLES H. CARREON
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
chas@charlescarreon.com
Attorney Pro Per

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles H. Carreon<br><br>          Plaintiff,<br><br>     vs.<br><br>Toyota Financial Service CDE Corporation, Toyota Motor Credit Corporation, Lithia Motors, Inc., FKA Lithia Toyota Scion, and Does 1 - 10<br><br>          Defendants. | Case No.: 4:11-cv-00039-TUC-FRZ<br><br>**OPPOSITION TO MOTION TO DISMISS COUNTS I, III, IV AND V OF PLAINTIFF'S FIRST AMENDED COMPLAINT; ALTERNATIVELY, MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**1. A Review of The Legal Standard For Adjudicating This Rule 12(b)(6) Motion, As Updated By *Twombly***

It is well established that on a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Vol. 2 Moore's Federal Practice, § 12.34[1][a] (Matthew Bender 3d Ed.) Rule 12(b)(6) practice was affected by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); however, as the quotations from Moore's Federal Practice Guide below make clear, the First Amended Complaint ("FAC") amply meets the "facial plausibility" requirement of *Twombly*. Referring to the Ninth Circuit approach to *Twombly*, Moore's states that "the heightened standard should not be taken as meaning that all difficult and complex cases must be dismissed." Vol. 2 Moore's Federal Practice, § 8.04[1][g] (Matthew Bender 3d Ed.)

A case cited by moving defendants states:

> "A claim [has] facial plausibility … when "the plaintiff pleads factual content ***that allows the court to draw the reasonable inference that the defendant is liable*** for the misconduct alleged."
> *Narramore v. HSBC Bank USA, N.A.,* Case 4:09-cv-00635-CKJ (D.Ariz. 2010) (Emphasis added).

Moore's further explains that the *Twombly* standard is flexible, and requires only that degree of attention that is appropriate to the complexity of the case:

> "Although the plausibility requirement applies to the pleading of 'all' claims [citation omitted], the amount of factual detail that is required in a pleading should vary with the complexity of the claim being asserted. While simple claims might establish 'plausibility' under the *Twombly* standard using relatively broad, simple allegations, more complex claims will call for more complex allegations in order to establish plausibility."
> Vol. 2 Moore's Federal Practice, § 8.04[1][d] (Matthew Bender 3d Ed.)

Moore's further explains that *Twombly* does not alter the well-established rule that the moving party accepts the validity of well-pleaded factual allegations:

> "When there are well-pleaded factual allegations, a court considering a motion to dismiss should assume their veracity and then determine whether they plausibly give rise to entitlement to relief."
> Vol. 2 Moore's Federal Practice, § 8.04[1][e] (Matthew Bender 3d Ed.)

**2.   Choice of Law**

Moving defendants argue that Oregon law arising out of the Oregon choice-of-law clause in the auto purchase agreement controls this proceeding.  Plaintiff has plead Oregon diversity claims for relief, and has also cited Arizona law governing the conduct of repossessors and secured creditors, alleging that moving defendants had no legal right to repossess the 2006 Prius, that was subject to Arizona law.  Moving defendants claim

this cannot be, but they are wrong, because Arizona choice of law governs this issue, and detailed analysis is required to sort out the issue. That issue is not ripe for decision, and is certainly not subject to a seat-of-the-pants decision at the 12(b)(6) stage:

> "This is a diversity action under 28 U.S.C. § 1332. When a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Because this suit was filed in the District Court of Arizona, we look to that state's choice of law rules. Arizona courts follow the Restatement (Second) of Conflict of Laws (hereinafter "Restatement") as a guide in choice of law questions. *Lucero v. 496\*496 Valdez,* 180 Ariz. 313, 884 P.2d 199, 201 (App.1994). The Restatement § 6 sets forth several relevant factors in determining which law to apply, including: (1) the needs of the interstate systems, (2) the relevant policies of the forum state, (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (4) the protection of justified expectations, (5) the basic policies underlying the particular field of law, (6) certainty, predictability, and uniformity of result, and (7) ease in the determination and application of the law to be applied."
> *Patton v. Cox,* 276 F. 3d 493, 495-496 (9th Cir, 2002).

**3. The First Claim For Relief Under the FDCPA 15 U.S.C. § 1692f(6) Is Viable and The Motion To Dismiss It Should Be Denied**

The first legal issue presented by the FAC's First Claim for Relief under the Fair Debt Collection Practices Act ("FDCPA") is whether parties claiming security interests in personal property, like the moving defendants, who employ an auto repossessor, assume a non-delegable duty that exposes them to liability for the repossessor's actions violative of 15 U.S.C. § 1692(e)(4) and (5). The answer appears to clearly be "yes." *Rand v. Porsche Financial Services,* 167 P.3d 111 (Arizona Ct. Appeals 2007); *see also Mimnaugh v. Toyota Motor Credit Corp.,* Case No. 94-C-4607 (N.D. Ill. July 11, 2005). This is because both Arizona and Oregon have adopted the Uniform Commercial Code at A.R.S. § 47-9609 and O.R.S. 47-9609[1] (so there can be no conflict of law), and under *Rand, supra,* a creditor has a non-delegable duty to control the conduct of a repossessor

---

[1] Inadvertently cited as ORS 79.069 in the FAC.

who is attempting recovery of an automobile over which the creditor claims a security interest.[2]

The second legal issue is whether plaintiff's allegation at DOCKET #12 FAC ¶ 32 is deemed true, alleging that when the repossessor showed up at his house and threatened to repossess the 2006 Prius, he did so without the intention to actually effect a repossession, but rather was in an unlawful "threat made without the intention to perform the repossession…" (DOCKET #12 FAC ¶ 32.) *Such conduct is of course a statutory violation of 15 U.S.C. § 1692f(6)(B), that proscribes "threatening to take any nonjudicial action to effect dispossession … of property [when] there is no present intention to take possession of the property."*

The third legal issue is whether plaintiff's allegation at DOCKET #12 FAC ¶ 28 is deemed true, alleging that moving defendants had no legal right to attempt repossession of the 2006 Prius, because they had failed to perfect a purchase money lien on the 2006 Prius under ARS 47-9234(A), because if deemed true, that would mean that moving defendants lacked "a present right to possession of the property claimed as collateral through an *enforceable* security interest," and *the repossessor's effort to reclaim the 2006 Prius would then be a violation of 15 U.S.C. § 1692f(6)(B)*.

The fourth legal issue is whether plaintiff's allegations at DOCKET #12 FAC ¶¶ 31 and 32 are deemed true, alleging that the repossessor *falsely claimed that plaintiff would be arrested* for not turning over the 2006 Prius because: (a) the 2006 Prius purchase contract did not contain the statutory language that must be present under ARS 13-1813.A.2 in order to allow the invocation of criminal sanctions to compel return of a vehicle, (b) plaintiff had received the notice required by ARS 13-1813.A.2(a), demanding that he turn over the 2006 Prius, and thus, (c) plaintiff had committed no crime.

---

[2] The drafters of the UCC stated, "In considering whether a secured party has engaged in a breach of the peace, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including the independendt contractors engaged by the secured party to take possession of the collateral."

The fifth legal issue is whether the repossessor's statement that plaintiff would be arrested was an act of "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property" under 15 U.S.C. § 1692(f)(6), or a "breach of the peace" under ORS 47-9609 and ARS § 47-9609.  **If the repossessor's statement would violate any of those three statutes, it would constitute a violation of the FDCPA, liability for which is imputable to the moving defendants.**  *Rand v. Porsche Financial Services,* 167 P.3d 111 (Arizona Ct. Appeals 2007); *see also Mimnaugh v. Toyota Motor Credit Corp.,* Case No. 94-C-4607 (N.D. Ill. July 11, 2005).

**4. The Third Claim For Relief For Rescission Is Viable and The Motion To Dismiss It Should Be Denied**

Moving defendants present no arguments worthy of serious consideration against the Third Claim for Relief.  The only on-point precedent cited by moving defendants, *Daugherty v. Young,* 615 P. 2d 341 (Oregon 1980), defeats their contention.  *Daugherty*, in turn, quotes from an Oregon Supreme Court case holding that *rescission is an equitable remedy for fraud or even innocent misrepresentation and mistake*:

> "Bodenhamers, the vendors, brought this suit to foreclose a land sale contract. Pattersons, the purchasers, counterclaimed for rescission and prayed for the return of their down payment and closing costs and for reimbursement for expenses incurred in attempting to construct a road. *** In May of 1973, Bodenhamers listed the property for sale with a real estate agent who negotiated a sale to Pattersons in November of 1973. Pattersons planned to place a mobile home on the property and live there. They applied for the necessary permits, moved onto the property in a camper or trailer, and did some construction work on a road to provide access to their intended homesite. After some of the work was done, but before the road was completed, they learned the well was dry. *** Pattersons contended that the contract was induced by fraudulent misrepresentations, made by Bodenhamers through their real estate agent, that the well was a working well when in fact it was dry. The trial court agreed that the condition of the well had been misrepresented, but found it unnecessary to decide whether the misrepresentation was innocent or intentional, relying on the well-recognized rule

>that even an innocent misrepresentation of a material fact is grounds for rescission."
>*Bodenhamer v. Patterson,* 563 P. 2d 1212, 1214, 278 Or. 367 (Oregon 1977)

In response to moving defendants' argument that plaintiff cannot obtain rescisssion because he has alleged statutory remedies permitting recovery of damages, this is a mere red herring. Another Oregon Supreme Court case on rescission held:

>"Defendant contends plaintiff has adequate redress in an action for damages and that rescission is an extraordinary remedy available only in exceptional cases. The right to rescission and restitution is an alternative remedy where there has been repudiation or a material breach of the contract. 5 Williston, Contracts § 1455, at 4064 (Rev ed 1937) states as follows:
>
>>'The right of rescission and restitution generally exists as an alternative remedy to an action for damages where there has been repudiation or a material breach of contract * * *. This choice of remedies * * * has been developed very largely under cover of the fictitious declaration of *indebitatus assumpsit* * * *.'"

Finally, moving defendants mistakenly argue that any change in condition of the property subject to a contract that has been judicially rescinded, renders the contract non-rescindable. It may present equitable problems for consideration and resolution, but it does not put the rescissionary remedy out of reach:

>"When a contract is rescinded the parties should be restored, as nearly as possible, to their situations prior to the transaction. [Citations omitted.] When this can be accomplished by requiring each party to give up what was received under the contract, the application of this principle creates no problem. However, where the circumstances are such that both parties cannot be restored to their original positions, there will frequently be difficulties, because one party may have to suffer a loss if the other is to be made whole."
>*Bodenhamer v. Patterson,* 563 P. 2d 1212, 1217, 278 Or. 367 (Oregon 1977)

**5. The Fourth Claim for Relief For Assumpsit Is Viable And the Motion to Dismiss It Should Be Denied**

The fourth claim for relief seeks the remedy of Assumpsit, referred to in the quote *supra,* by Prof. Corbin. As noted therein, Assumpsit is a common count remedy for

restitution to avoid unjust enrichment.  In this case, plaintiff alleges that he has lost the entire resale value of the 2006 Prius because it has been placed under a legal cloud by the unlawful effort to repossess it.  The 2006 Prius is the primary item of consideration for which plaintiff has paid no less than $34,643.32.  Its current resale value is unascertained at present; however, because of the collapse of the Japanese auto manufacturing system in the wake of the recent tsunami and nuclear devastation, used Prius' are going up in value, and dealerships are eagerly seeking out used Prius' as trade-ins.  Not, of course, used Prius' that are subject to repossession proceedings.  This constitutes a total failure of consideration, rendering the 2006 Prius not only a risky vehicle to drive (as it could be repossessed at any moment) but also financially valueless, for which the remedy of Assumpsit is highly appropriate.  As the Oregon Supreme Court has stated:

> "The action for money had and received was invented by the common-law judges to secure relief from the narrower restrictions of the common-law procedure which afforded no remedy in too many cases of merit. The action is a modified form of assumpsit * * * Though an action at law, it is equitable in its nature, and is said to resemble or to be, in its nature, a substitute for a suit in equity, and to lie wherever a suit in equity would lie. * * * It lies where there is an express promise, if nothing remains to be done but the payment of money, but it is not a proper form of action to recover damages for breach of an actual subsisting or executory contract. The action is not dependent, however, upon an express promise, or even upon one implied in fact, although the action is contractual in form. The action for money had and received is founded upon the principle that no one ought unjustly to enrich himself at the expense of another, and it is maintainable in all cases where one person has received money or its equivalent under such circumstances that in equity and good conscience he ought not to retain it and, ex aequo et bono, it belongs to another. * * *"
> *Bollenback v. Continental Casualty Co.,* 414 P. 2d 802 (Oregon Supreme Court 1966), quoting 4 Am Jur 508-509, Assumpsit § 20 (1936).

"Although Rule 8 requires that a pleading be short as well as plain, a court ordinarily should not dismiss a complaint merely because it contains … irrelevant matter, provided it also puts the defendant on notice.  The court should ignore the surplusage in the interest of resolving the case on the merits rather than on the basis of pleading defects."
Vol. 2 Moore's Federal Practice, § 8.04[1][h] (Matthew Bender 3d Ed.)

PAGE 7 OF **OPPOSITION TO MOTION TO DISMISS COUNTS I, III, IV AND V OF PLAINTIFF'S FIRST AMENDED COMPLAINT; ALTERNATIVELY, MOTION TO FILE SECOND AMENDED COMPLAINT**

## 6. Other Issues

### a. Technical Defects Should Be Disregarded

> "Rule 8(e) requires that federal district construe all pleadings 'so as to do substantial justice.' Therefore, pleadings should not be dismissed for technical defects. The pleadings should be construed as a whole, to determine whether adequate notice of the claim or defense is presented."
> Vol. 2 Moore's Federal Practice, § 8.10[1] (Matthew Bender 3d Ed.), *citing Kimes v. Stone,* 84 F.3d 1121, 1129 (9th Cir. 1996).

> "Although Rule 8 requires that a pleading be short as well as plain, a court ordinarily should not dismiss a complaint merely because it contains … irrelevant matter, provided it also puts the defendant on notice. The court should ignore the surplusage in the interest of resolving the case on the merits rather than on the basis of pleading defects."
> Vol. 2 Moore's Federal Practice, § 8.04[1][h] (Matthew Bender 3d Ed.)

### b. Pleadings On Information And Belief Are Permitted

Allegations supporting claims for relief, such as plaintiff's allegation at DOCKET #12 FAC ¶ 28 that moving defendants failed to perfect a purchase money lien, may be made on information and belief.

> "Courts have read the policy underlying Rule 8, together with Rule 11, to permit claimants to aver facts that they believe to be true, but that lack evidentiary support at the time of pleading. Generally, however, such averments are allowed only when the facts that would support the allegations are solely within the defendant's knowledge and control. Nothing in the *Twombly* plausibility standard [citation omitted] prevents a plaintiff from pleading on information and belief. A pleading is sufficient if the pleading as a whole, including any allegations on information and belief, states a plausible claim."
> Vol. 2 Moore's Federal Practice, § 8.04[5] (Matthew Bender 3d Ed.).

### c. Inconsistent Pleadings Are Permitted

Plaintiff's allegations under both Arizona and Oregon law are permissible:

> "A claimant may set forth two or more statements of a claim or defense alternatively or hypothetically either in one count or in separate counts. A claimant may state inconsistent claims or defenses regardless of the number of such claims or defenses. *** If alternative pleading statements are set forth, even if one or more of the statements is deemed insufficient, any one of the alternative statements that is itself sufficient survives."

PAGE 8 OF **OPPOSITION TO MOTION TO DISMISS COUNTS I, III, IV AND V OF PLAINTIFF'S FIRST AMENDED COMPLAINT; ALTERNATIVELY, MOTION TO FILE SECOND AMENDED COMPLAINT**

Vol. 2 Moore's Federal Practice, § 8.04[9][2] (Matthew Bender 3d Ed.), *citing Arthur v. United States ex rel Veterans Administration,* 45 F.3d 443, 446 (9th Cir. 1955).

### 7. Leave To Amend Shuld Be Granted If Required To Allege A Viable Complaint

Although plaintiff is confident that the First Claim for Relief under the FDCPA, that provides the basis for Federal Jurisdiction, is entirely viable, this case can move forward as a diversity case. Moving defendants have not moved to dismiss the Second Claim for Relief, that provides a viable basis under Oregon law for violation of Oregon Unfair Trade Practices Act (the "UTPA") (ORS 646.607) and the Oregon Unlawful Collection Practices Act (ORS 646.391(g) and (2)(b). These statutes make it expressly unlawful for any creditor, including the moving defendants, to threaten criminal prosecution in order to collect a debt. Under these laws, plaintiffs are entitled to collect not only pecuniary damages, but also damages for emotional distress and punitive damages. In *Lithia Motors v. Yovan,* 204 P.3d 120 (Oregon Ct. App. 2009), the recoverability of emotional distress damages was recently confirmed under the UTPA. Although presently plead "according to proof" including the pecuniary damages, the emotional distress damages suffered by plaintiff will aggregate to a sum in excess of the $75,000+ amount in controversy required to establish diversity jurisdiction. In the Ninth Circuit, emotional distress damages and punitive damages figure into the amount in controversy, and even when not alleged in specific amounts, have repeatedly been inferred to meet the jurisdictional minimum, even in removal cases. *See, Burk v. Medical Savings Ins. Co.,* 348 F.Supp.2d 1063 (Arizona 2004); *Richmond v. Allstate,* 897 F.Supp. 447 (1995); *Nawab v. Markel Ins. Co.,* C-08-05750-VRW (N.D. Cal. Dec. 30, 2009).

### 8. Conclusion

The Court is respectfully requested to deny the motion of moving defendants; alternatively, to grant plaintiff leave to amend.

Dated:  April 29, 2011                    CHARLES H. CARREON


                                                          s/Charles Carreon
                                                          CHARLES H. CARREON
                                                          Attorney Pro Per