CHARLES H. CARREON
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel:  520-841-0835
chas@charlescarreon.com
Attorney Pro Se

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H. Carreon | Case No.: 4:11-cv-00039-TUC-FRZ |
| Plaintiff, | **MOTION TO DISMISS CROSS-COMPLAINT PURSUANT TO F.R.Civ.P. 12(b)(1) and (4)** |
| vs. | |
| Toyota Financial Service CDE Corporation, Toyota Motor Credit Corporation, Lithia Motors, Inc., FKA Lithia Toyota Scion, and Does 1 - 10 | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

Pursuant to F.R.Civ.P. 12(b)(1) plaintiff Charles H. Carreon, , and respectfully moves the Court for an Order moves for dismissal of the entire cross-complaint of Toyota Motor Credit Corporation d/b/a Toyota Financial Services ("TMCC") with prejudice. The grounds for this motion are an appeal to the Court to exercise its discretion to deny supplemental jurisdiction under Subsections (c)(3) and (c)(4) of 28 U.S.C. § 1367, and for the inclusion of a "Doe" defendant in a diversity claim.  In support of this motion, plaintiff relies upon the TMCC's Cross-Complaint, plaintiff's Memorandum of Points and Authorities, the Proposed Order filed herewith, and such other and further evidence and argument as the Court may consider.

Dated:  April 29, 2011                           CHARLES H. CARREON


                                                  s/Charles Carreon
                                                  CHARLES H. CARREON
                                                  Attorney Pro Se

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. TMCC Has Alleged That There Is No Subject Matter Jurisdiction

In ¶ 8 of TMCC's Answer (Docket # 13) TMCC alleges that this Court lacks subject matter jurisdiction because it argues that the plaintiff's FDCPA claim lacks merit and must be dismissed.

## 2. TMMC's Attempt to Bootstrap Subject Matter Jurisdiction For Their Counterclaims Based Under on the FDCPA Claim Fails

It is axiomatic that if there is no subject matter jurisdiction for plaintiff's FAC (Docket # 12), then there can be no supplemental jurisdiction to support TMCC's counterclaims.   TMCC alleges in ¶ 6 of its Counterclaim:

> "6. This Court has supplemental jurisdiction over the present Counterclaims pursuant to 28 U.S.C. § 1367(a), because the Counterclaims are so related to the Plaintiff's First Amended Complaint and TMCC's Answer thereto, that they form part of the same caseor controversy."

## 3. TMCC Has Failed To Admit or Deny Any of the Allegations of the FDCPA Claim Based On Its Rule 12 Motion

In ¶ 27 of TMCC's Answer (Docket #13), TMCC fails to admit or deny any of the allegations of plaintiff's FDCPA claim because it has a Rule 12 Motion pending:

> "27. TMCC has contemporaneously filed a Motion to Dismiss Count I of Plaintiff's First Amended Complaint, and therefore, no response to this Count is necessary. TMCC will respond to this Count in the event that the Court denies TMCC's Motion."

## 4. If TMCC Prevails On Its Motion Against the FDCPA Claim, TMCC's Counterclaim Will Be A Nullity Because None of Plaintiff's Remaining Claims Currently Independently Support A Claim for Diversity Jurisdiction

As argued in the final section of plaintiff's opposition to TMCC's Rule 12(b)(6) motion, amendment is sought, and will be required, to properly allege the $75,000+ minimum amount in controversy necessary to support diversity jurisdiction.  Thus, there will be no supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367(a)

based on the FDCPA claim, and no diversity jurisdiction either, so the Counterclaim will be a procedurally nullity until this Court permits plaintiff leave to amend to establish the predicates of diversity jurisdiction.

**5. Since TMCC Denies The Existence of Federal Jurisdiction Here, Its Counterclaim Should Be Dismissed For the Inclusion of "Doe" Defendants**

Under *Garter-Bare Company v. Munsignwear, Inc.,* 650 F.2d 975 (9th Cir. 1980), the inclusion of Doe defendants is fatal to a diversity claim:

> "This claim charges Munsingwear and several Doe defendants (none of whom has been identified or served) with conspiracy to interfere in appellants' business relationships under the district court's diversity of citizenship jurisdiction. Their inclusion destroys that jurisdiction and the claim was properly dismissed, if only for this reason."
> *Garter-Bare, supra,* 650 F.2d at 981.

Since TMCC unequivocally states in ¶8 there is no federal subject matter jurisdiction to provide a grounding for this action, Garter-Bare compels the dismissal of its counterclaims. Additionally, TMCC's claims do not meet the jurisdictional minimum, and cannot be amended to do so.

**6. This Court Should Exercise its Discretion to Decline To Exercise Supplemental Jurisdiction Over TMCC's Counterclaims Under Subsections (c)(3) and (c)(4) of 28 U.S.C. § 1367**

Section 1367(c) states:
  (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
    ***
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

According to TMCC, the FDCPA claim will dismissed, and premised thereon, it has refused to provide admissions or denials to the FAC. Accordingly, TMCC has acted as if the Court has dismissed the FDCPA claim over which plaintiff alleges it has original jurisidiction. TMCC should not be allowed to blow hot and cold on the issue of federal

jurisdiction.  TMCC is essentially saying that the circumstances of subsection (c)(3) have already taken place; therefore, it should not be allowed to bootstrap its claims for breach of contract onto this action.  Secondly, the two counterclaims alleged by TMCC fall far short of the jurisdictional minimum, and allege a proscribed "Doe" defendant that compels dismissal.  Accordingly under subsection (c)(4), there are compelling reasons to deny jurisdiction.

### 7. Alternatively, Plaintiff Requests Leave To Respond to The Counterclaim After The Court Has Ruled On TMCC's Rule 12 Motion and Plaintiff's Request for Leave To Amend

If this Court permits the counterclaims to go forward, judicial efficiency and reducing the cost of litigation will be served by granting plaintiff leave to respond to the counterclaim after the Court has ruled on TMCC's Rule 12 Motion and Plaintiff's Request for Leave To Amend.

### 8. Conclusion

For all of the above reasons, the Court is requested to issue an order in the form submitted herewith.

Dated:  April 29, 2011                              CHARLES H. CARREON


                                           s/Charles Carreon
                                           CHARLES H. CARREON
                                           Attorney Pro Se