| | |
|---|---|
| 1 | PHILIP A. OVERCASH #022964 |
| | KUTAK ROCK LLP |
| 2 | Suite 300 |
| | 8601 North Scottsdale Road |
| 3 | Scottsdale, AZ  85253-2742 |
| | (480) 429-5000 |
| 4 | Facsimile: (480) 429-5001 |
| 5 | *Attorneys for Defendant* |
| | *TOYOTA MOTOR CREDIT CORPORATION d/b/a* |
| 6 | *TOYOTA FINANCIAL SERVICES* |

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES H. CARREON, | NO.: 4:11-cv-00039-TUC-FRZ |
| Plaintiff, | **TOYOTA MOTOR CREDIT CORPORATION'S *REPLY* IN SUPPORT OF MOTION TO DISMISS COUNTS I, III, IV AND V OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| TOYOTA MOTOR CREDIT CORPORATION d/b/a TOYOTA FINANCIAL SERVICES, et al., | |
| Defendant. | |

Plaintiff's Opposition to Toyota Motor Credit Corporation d/b/a Toyota Financial Services' ("TMCC") fails to demonstrate why this Court should not dismiss Counts I, III, IV and V of Plaintiff's First Amended Complaint for failure to state a claim.  The Opposition ignores several arguments presented by TMCC and actually assists TMCC in demonstrating why these Counts warrant dismissal.

**1.   *Iqbal* is the Correct Standard for Review of a Motion to Dismiss**

Plaintiff alleges in his Opposition that *Twombly* and *Moore's Federal Practice Guide* contain the correct standards for reviewing a Motion to Dismiss. Dkt. 20, p. 1-2.  Specifically, Plaintiff alleges that the "*Twombly* standard is flexible…[and] the amount of factual detail that is required in a pleading should vary with the complexity of the claim being asserted." Dkt. 20, p. 2.  Plaintiff does not allege that this matter is more "complex" than any other breach of contract

case, nor does Plaintiff elaborate upon what a "flexible" standard of review entails.  Dkt. 20.

As the First Amended Complaint demonstrates, at its core this case is a simple breach of contract case.  Plaintiff alleges that he was mislead regarding his warranty and gas mileage, and that TMCC performed billing errors which led to the attempted repossession of Plaintiff's vehicle.  Dkt. 12.  This is not a complex medical malpractice case or trade secret infringement issue.  Therefore, there is no plausible explanation as to why the standard articulated in *Iqbal* should not be applied, nor as to why a "*Twombly* flexible standard" is appropriate.

According to the United States Supreme Court, "[a] complaint that offers nothing more than naked assertions will not suffice." *Ashcroft v. Iqbal,* -- U.S. --, ---, 129 S.Ct. 1937, 1949 (2009).  "Pleading standard[s] demand[] more than and unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  Plaintiff has failed to meet this pleading standard, and as will be discussed herein, Counts I, III, IV and V of the First Amended Complaint should be dismissed.

### 2. Plaintiff's Opposition Fails to Address Dismissal of Count V

TMCC's Motion to Dismiss establishes that Count V of the First Amended Complaint for injunctive relief under 42 U.S.C. § 1983 should be dismissed for failure to state a claim.  Dkt. 15, p. 15-17.  The Motion to Dismiss alleges that Plaintiff cannot, as a matter of law, have a claim for relief under § 1983 due to the absence of deprivation of a constitutional right "under color of state law."  Dkt. 15, p. 16 (quoting *Rand v. Porsche Financial Services,* 216 Ariz. 424, 429 (App. 2007) and *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999)).

Plaintiff's Opposition wholly ignores these arguments and authorities.  Dkt. 20.  Therefore, Defendant's position is uncontroverted, and Count V of Plaintiff's First Amended Petition should be dismissed with prejudice.  See *Frank v. Wells Fargo Bank Nat. Ass'n,* 2011 WL 1480041, *1 (D.Ariz. 2011); *Jose v. M/V Fir Grove,* 801 F.Supp. 358, FN15 (D.Or., 1992).

### 3. Plaintiff's Claims Under the FDCPA Fail as a Matter of Law

"[The Fair Debt Collection Practices Act ("FDCPA")] does not apply to creditors attempting to collect their own debts."  *Narramore v. HSBC Bank USA, N.A.,* 2010 WL 2732815, *10 (D.Ariz. 2010); 15 U.S.C. §§ 1692(e), a(6) & a(4).  The plain language of the First Amended

4816-9462-5033.1                                          -2-

Complaint establishes that TMCC was attempting to collect its own debt from Plaintiff. Dkt. 12, ¶¶ 18, 20 & 63. Additionally, Plaintiff does not allege that TMCC is a debt collector, and disputes that his debt was ever in default. *Id.* Based upon these facts, Count I should be dismissed.

Plaintiff has not provided a single statute or case which has held that a creditor can be liable under the FDCPA for the acts of its debt collector or repossession company. Dkt. 20, p. 3-5. The only legal authority cited by Plaintiff is the FDCPA, Arizona Code, *Rand v. Porsche Financial Services* and *Mimnaugh v. Toyota Motor Credit Corp*. Dkt. 20 at 3; *Rand,* 216 Ariz. 424 (C.A. Ariz., 2007); *Mimnaugh,* 04C4607 (N.D.Il. 2005).[1] Plaintiff misrepresents the holdings in *Rand* and *Mimnaugh,* ignores the statutory definitions provided within the FDCPA, and ignores that the Arizona statutes cited do not equate to liability under the FDCPA.

In *Rand*, a case with facts similar to this one, the court addressed whether the defendant creditor could be liable under Arizona collection statutes and the U.C.C. for its repossession company's alleged trespass. *Rand*, 216 Ariz. at 426. Furthermore, as discussed above, *Rand* defeats Plaintiff's Section 1983 claim. *Id.*, 216 Ariz. at 429. The court **did not** consider whether the defendant creditor would be liable under the FDCPA. *Id.* In fact, the FDCPA is not discussed by the Court. *Id.*

*Mimnaugh* involved allegations of breach of the peace in connection with the repossession of plaintiff's vehicle. *Mimnaugh*, 04C4607. In denying defendant's motion to dismiss, the court found that plaintiff had pled sufficient facts to sustain a claim against the creditor for violations under Article 9 of the Illinois Commercial Code (which mirrors the U.C.C.), and claims against the creditor's repossession agent and debt collection agency under the FDCPA. *Id.* at p. 2-4. FDCPA claims were **not** alleged against the creditor, nor did the court find that such claims would be permissible. *Id.* Despite Plaintiff's representations, neither of this cases found that a creditor's "non-delegable duty of repossession" created liability under the FDCPA.

---

[1] The *Mimnaugh v. Toyota Motor Credit Corporation* case appears to be unpublished. Therefore, TMCC was unable to obtain a federal publication or Westlaw/Lexis citation. For the ease of this Court, TMCC has cited to pages of the opinion, as it was printed, and will provide a copy of same to the Court.

4816-9462-5033.1                                                          -3-

Likewise, Plaintiff's remaining FDCPA arguments are insufficient to overcome dismissal. On pages 4-5 of his Opposition, Plaintiff reasserts the allegations of the First Amended Complaint and points to sections of the FDCPA and Arizona Code which allegedly prove the FDCPA applies to TMCC. Dkt. 20 at 4-5. Plaintiff also repeatedly cites to the repossessor's alleged conduct. Dkt. 20, p. 4-5 ("when the repossessor showed up…" [p. 4, line 4]; "the repossessor's effort…" [p. 4, line 16]; "the repoosessor falsely claimed…" [p. 4, line 19]; "repossessor's statement…" [p. 5, line 4].).

Even if TMCC were liable for the repossession company's alleged conduct, which TMCC denies, such liability would not lie within the provisions of the FDCPA. Plaintiff does not refute the legal analysis provided in TMCC's Motion to Dismiss, nor does Plaintiff provide any legal authority which supports his conclusory position and legally unfounded position. Dkt. 20. This is most likely due to the fact that there is no legal authority which has held that a creditor is liable under the FDCPA. This is because the plain language of the FDCPA explicitly excludes acts of creditors. *See* 15 U.S.C. 1692a(6) & a(4); *Kellers v. Ocwen Loan Servicing, LLC,* 2009 WL 2899813, \*2 (D.Or. 2009); *Narramore*, 2010 WL at \*10.

Plaintiff also does not address TMCC's legal authority and analysis regarding his use of the Arizona Criminal Code and A.R.S. § 47-9609. Dkt. 20. Rather, Plaintiff's Opposition merely recites the same allegations and statutory sections, without any explanation as to how these statutes could equate to liability under the FDCPA. *Id.* As outlined in TMCC's Motion to Dismiss, A.R.S. § 13-1813 is part of the Arizona Criminal Code and proscribes criminal liability against a *vehicle owner* who fails to surrender a vehicle to a secured party. Dkt. 15 at 8-9; A.R.S. § 13-1813. Violation of the statute does not create FDCPA liability. *Id.* Likewise, A.R.S. § 47-9609 states that a secured party may repossess a vehicle without judicial process if there is not a breach of the peace. A.R.S. § 13-9609. Assuming *arguendo*, that Does 1 and 2 breached the peace, such a breach would *still* not equate to FDCPA liability **for TMCC**.

Plaintiff has attempted to subject TMCC to the provisions of the FDCPA by alleging that its agents violated various repossession, commercial, and criminal codes. However, Plaintiff has

4816-9462-5033.1                                   -4-

not set forth a single legal authority which has held a creditor can be liable under the FDCPA, and in fact, the FDCPA specifically rejects and prevents such claims. As Plaintiff has failed to state a claim against TMCC, and this failure is a legal defect that cannot be cured through amendment, Count I of Plaintiff's Complaint should be dismissed with prejudice. *Ellis v. GMCA Morg. Inc.,* 2011 WL 899636, *2 (D.Or. 2011); *Warren v. Sierra Pacific Morg. Services, Inc. FN*, 2011 WL 1526957, *6 (D.Ariz. 2011).[2]

### 4. Plaintiff has Failed to State a Claim for Rescission

Plaintiff's Opposition argues that Plaintiff has stated a claim under a theory of rescission under Count III of the First Amended Complaint. Dkt. 20, p. 5-6. However, as with Plaintiff's arguments under Count I, Plaintiff has failed to respond to the vast majority of TMCC's contentions and authorities, and Plaintiff's conclusory assertions have no legal basis.

As stated in TMCC's Motion to Dismiss, Plaintiff's rescission claims are wholly aimed at alleged misrepresentations made to him by parties other than TMCC. Dkt. 15, p. 12. The Amended Complaint does not contain a single statement made to Plaintiff by TMCC which is alleged to be misleading. *Id.* Plaintiff's demands for rescission in Count III are "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S.Ct. 1949. These are the exact type of allegations and pleadings that the Supreme Court found to be wholly deficient and worthy of dismissal. *Id.*

Plaintiff's Opposition does not address the deficiencies pointed out by TMCC, but merely states that "even innocent misrepresentation and mistake" can warrant rescission. Dkt. 20, p. 5. To the contrary, Plaintiff must establish a misrepresentation by TMCC to assert a claim against TMCC for rescission. See *Frank v. Wells Fargo Bank Nat. Ass'n*, 2011 WL 1480041, *3 (D.Ariz. 2011) ("[A] complaint [for fraudulent misrepresentation] must state the time, place, and specific content of the false representation and the identities of the parties to the representation.") (internal citations omitted); *Ram Head Outfitters, Ltd. v. Mecham,* 2011 WL 1429623, *14 (D.Ariz. 2011) (A negligent misrepresentation occurs when "[o]ne who, in the course of his

---

[2] As Plaintiff is an attorney, the unreasonable multiplication of proceedings and the assertion of claims devoid of any basis in existing law may be considered sanctionable conduct under Rule 11 and 28 U.S.C. § 1927.

business…supplies false information for the guidance of others in their business transactions…") (internal citations and quotation marks omitted).

Count III can also be dismissed due to Plaintiff's assertion that he does not have a viable remedy at law. Dkt. 12, ¶ 65; Dkt. 20, p. 6. Plaintiff alleges that his "right to rescission" in an "alternative remedy." Dkt. 20, p. 6. However, Plaintiff's First Amended Complaint did not plead rescission as an "alternative remedy," but instead, plead it due to an alleged, "inadequate remedy at law." Dkt. 12, ¶ 65. Plaintiff's claims for damages under Oregon Collection Statutes create an adequate remedy at law, thus, Plaintiff cannot maintain an action in equity.

Finally, Plaintiff argues that rescission can be had despite a material change in the condition of the Prius. Dkt. 20, p. 6. Plaintiff does not address the legal authority provided by TMCC to the contrary, nor does Plaintiff address the fact that a rescission cannot be granted without mutual consent of both parties. *Automotive Holdings, LLC v. Phoenix Corners Portfolio, LLC,* 2010 WL 1781007, *6 (D.Ariz. 2010); *Ezell v. Burton,* 339 Fed. Appx. 759, 760 (9th Cir., 2009) (citing *Bates v. Chronister,* 100 Nev. 675 (1984) and *Holland v. Crummer Corp.,* 78 Nev. 1 (1962)).

Instead, Plaintiff solely asserts that the *Bodenhamer v. Patterson* case supports his position. Dkt. 20, p. 6. However, *Bodenhamer* did not deal with a consumer goods contract, but rather dealt with a land sale contract and a dispute over the existence of a well. 563 P.2d 1212, 1213-4 (Oregon, 1977). That court determined that rescission may be valued by the amount the defendant had improved the property or by defendant's expenses. *Id*. at 1218. This case did not address consumer goods transactions, nor did it create a hard and fast rule for all rescission applications. *Id.* at 1217 ("[U]pon rescission of a contract for the sale of land…"). To the contrary, in the consumer context, "rescission must occur prior to a material change in the property…" *Automotive Holdings, LLC,* 2010 WL at *6. It is unquestionable that the Prius has materially changed since Plaintiff's purchase of it in January 2006. F.R.E. 201(b). Therefore, rescission is not an available remedy for Plaintiff.

Plaintiff cannot support a claim for rescission against TMCC. The deficiencies in Count

III are legal, and therefore, dismissal with prejudice is appropriate. *Ellis,* 2011 WL at *2; *Warren*, 2011 WL at *6.

### 5. Count IV Should Be Dismissed

In Count IV of the First Amended Complaint, Plaintiff originally alleged that TMCC "intended to take all the value of the payments made and to deprive Plaintiff of possession." Dkt. 12, ¶¶ 69-70. Based upon these allegations, Plaintiff asserted that there was a failure of consideration and that he was entitled to a return of his monies paid to TMCC. *Id.* Plaintiff has now recast his "assumpsit" argument and is now alleging that due to the "collapse of the Japanese auto manufacturing system," and the "tsunami and nuclear devastation," "dealerships are eagerly seeking out used Prius'," but not those subject to litigation. Dkt. 20, p. 7.

A Motion to Dismiss looks at the four corners of the complaint to determine whether the plaintiff has made a claim that is "plausible on its face." *Iqbal,* 129 S.Ct. at 1949 (internal citations and quotation marks omitted). Proponents of a motion to dismiss are not permitted to bring in outside evidence, and an opponent of a motion to dismiss should be held to this same standard. Thus, Plaintiff's new arguments regarding the chain of events in Japan and potential resale market should be disregarded.[3]

TMCC's Motion to Dismiss alleges that dismissal of Count IV was warranted due to the obvious presence of consideration at the time of contract formation and the fact that performance under the contract would have cured any alleged failure of consideration. Dkt. 15, p. 14-15. Again, Plaintiff's Opposition does not address TMCC's arguments and legal authority, but rather solely cites to the *Bollenback* case. Dkt. 20, p. 6.

In *Bollenback,* the plaintiff regularly paid into his insurance policy, but when he went to make a claim, the insurance company advised him that his claim was denied because his policy had lapsed. *Bollenback v. Continental Casualty Company,* 414 P.2d 802, 803 (Oregon 1966). That court ordered a return of plaintiff's premiums based upon defendant's repudiation and refusal to perform. *Id.* at 807. This case does not support Plaintiff's position for two reasons: (1)

---

[3] TMCC would also like to note that Plaintiff stopped making car payments and further initiated this suit; therefore, it is his own doing that his Prius is subject to litigation.

4816-9462-5033.1                                                -7-

*Bollenback* granted rescission, a relief that Plaintiff has already prayed for in another Count and TMCC has already moved to dismiss (*supra*; Dkt. 15); and (2) the plaintiff in *Bollenback* was granted rescission due to the fact that he received **nothing** in return for payment of his monthly insurance premiums, but that is not the case here. *Id.* at 807-8.

Plaintiff Carreon made his monthly payments until October 2010 and has retained possession and use of the Prius. Dkt. 15, FN 4. Based upon the allegations in Plaintiff's First Amended Complaint, TMCC did not allegedly attempt to repossess the vehicle until January 2011, three (3) months after Plaintiff ceased making payments. Dkt. 12, ¶ 32; Dkt. 15, FN 4.

By looking at the four corners of Plaintiff's First Amended Complaint, it is clear that not only was there sufficient consideration to support the contract, but Plaintiff's payments and performance under the contract cured any defect. Accordingly, Count IV should be dismissed with prejudice. *Ellis,* 2011 WL at *2; *Warren*, 2011 WL at *6.

### 6. "Other Issues"

Plaintiff's Opposition alleges that "technical defects should be disregarded," "pleadings on information and belief are permitted," and that "inconsistent pleadings are permitted." Dkt. 20, p. 8. In support of these assertions, Plaintiff cites Vol. 2 Moore's Federal Practice (Matthew Bender 3d Ed.) cases from 1996 and 1955. *Id.* Plaintiff does not provide any authority post-*Iqbal* which would support his assertions, nor does Plaintiff elaborate upon how these arguments support a denial of TMCC's Motion to Dismiss. These too are "conclusory allegations of law and unwarranted inferences" which should be disregarded. *Salazar v. Lehman Brothers Bank*, 2010 WL 3998047, *1 (D.Ariz. 2010) (internal citations and quotation marks omitted).

### 7. Leave to Amend Should be Denied

In closing, Plaintiff appears to request leave of this Court to file a Second Amended Complaint to add allegations to support diversity jurisdiction. Dkt. 20, p. 9. Plaintiff alleges that pecuniary damages and emotional distress damages "will aggregate to a sum in excess of $75,000." *Id.* This "motion" by Plaintiff is improper in form, and should be disregarded.[4]

---

[4] It should also be noted that Plaintiff has prematurely filed a Motion to Dismiss TMCC's Counterclaim solely based upon this Court's potential lack of jurisdiction if Count I and V are dismissed.

4816-9462-5033.1

Per the Federal Rules of Civil Procedure, after a responsive pleading has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). While leave to amend can be granted "when justice so requires," amendment may be denied upon the finding of "undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether petitioner has previously amended." *Apelt v. Ryan,* 2011 WL 1377015, *2 (D.Ariz., 2011) (citing Fed.R.Civ.P. 15(a) and quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962) and *Borin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("To assess futility, a court necessarily evaluates whether relief may be available one the merits of the proposed claim.").

Plaintiff has not requested leave of this Court and Plaintiff has not obtained written consent from TMCC. Should Plaintiff present an appropriate Motion to Amend before this Court, TMCC will respond to Plaintiff's diversity and damage allegations at that time.

**8. Conclusion**

Counts I, III, IV and V of Plaintiff's First Amended Complaint fail to state a claim for relief against TMCC as a matter of law. Due to the deficiencies in these Counts, each should be dismissed with prejudice and without leave to amend.

WHEREFORE Defendant Toyota Motor Credit Corporation respectfully requests that Counts I, III, IV and V of Plaintiff's First Amended Complaint be dismissed with prejudice, and for such further relief as this Court deems just and equitable.

Dated this 9th day of May, 2011.

KUTAK ROCK LLP

By:   s/ Philip A. Overcash
      Philip A. Overcash
      Suite 300
      8601 North Scottsdale Road
      Scottsdale, AZ  85253-2742

*Attorneys for Defendant Toyota Motor Credit Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Charles H. Carreon
2165 S. Avenida Planeta
Tucson, AZ 85710
chas@charlescarreon.com
*Attorney Pro Se*

                                         s/   Kathryn Ann Fitchett
                                         Certified Paralegal

4816-9462-5033.1                    -10-