PHILIP A. OVERCASH #022964
KUTAK ROCK LLP
Suite 300
8601 North Scottsdale Road
Scottsdale, AZ  85253-2742
(480) 429-5000
Facsimile: (480) 429-5001

*Attorneys for Defendant*
*Toyota Motor Credit Corporation d/b/a Toyota*
*Financial Services*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES H. CARREON,<br><br>    Plaintiff/Counter-defendant,<br><br>v.<br><br>TOYOTA MOTOR CREDIT<br>CORPORATION d/b/a TOYOTA<br>FINANCIAL SERVICES, et al.<br><br>    Defendants/Counter-plaintiffs. | CASE NO.  4:11-cv-00039-TUC-FRZ<br><br>**TOYOTA MOTOR CREDIT CORPORATION'S RESPONSE TO PLAINTIFF CHARLES H. CARREON'S MOTION TO DISMISS CROSS-COMPLAINT** |

COMES NOW Defendant Toyota Motor Credit Corporation d/b/a Toyota Financial Services ("TMCC"), by and through its undersigned counsel; and for its Response to Plaintiff Charles H. Carreon's Motion to Dismiss Cross-Complaint, states as follows.

**I.   INTRODUCTION**

Plaintiff is seeking to dismiss TMCC's Counterclaim due to an alleged lack of subject matter jurisdiction. Dkt. 21. Plaintiff alleges that dismissal of his Fair Debt Collection Practices Act ("FDCPA") claims will deprive this Court of jurisdiction over the First Amended Complaint, and will therefore deprive this Court of supplemental jurisdiction over TMCC's Counterclaims. *Id.* Plaintiff also alleges that TMCC's inclusion of a Doe Defendant destroys any claim for diversity. *Id.*

Plaintiff has filed his Motion to Dismiss despite the fact that this Court has made no ruling on TMCC's Motion to Dismiss, despite the plea for diversity jurisdiction Plaintiff has made in his own Response to TMCC's Motion to Dismiss, and despite his own inclusion of Doe Defendants in the First Amended Complaint. Plaintiff's entire Motion is based upon a speculation of what *might* happen *should* TMCC's Motion be granted. For these reasons, Plaintiff's Motion to Dismiss should be found to be premature and should be denied.

**II.  SUBJECT MATTER JURISDICTION**

Plaintiff alleges that TMCC has attempted to "bootstrap subject matter jurisdiction" for its Counterclaim due to its attempts to dismiss Plaintiff's FDCPA claims[1], and that this Court should decline supplemental jurisdiction due to TMCC's failure to admit or deny Plaintiff's FDCPA claims. Dkt. 21, pp. 2-4. Plaintiff then argues that if TMCC's Motion to Dismiss is granted, the Counterclaim will be a 'nullity because none of Plaintiff's remaining claims currently independently support a claim for diversity jurisdiction." *Id.* at pp. 2-3 ("…and no diversity jurisdiction either…"). These arguments are illogical and contradictory.

TMCC's Counterclaim is compulsory, as it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). If TMCC had failed to assert its claims, they would have been "lost forever." *In re Peterson*, 437 B.R. 858, 870 (D. Ariz., 2010) (quoting *In re Wade Cook Financial Corp.,* 375 B.R. 580, 601 (9th Cir., 2007). These claims were not made to "bootstrap" jurisdiction, but made to preserve TMCC's right to relief.

Plaintiff provides no legal support for his assertion that TMCC's failure to admit or deny Count I of the First Amended Complaint acts to destroy supplemental jurisdiction. Dkt. 21, pp. 3-4. There is no legal authority which states that a party must admit or deny the allegations in a Complaint if a motion to dismiss has been filed. Such a rule would destroy the legal standard for the Motion to Dismiss, which is to assume all allegations of material

---

[1] Plaintiff makes no reference to his 42 U.S.C. § 1983 claims and the fact that these claims too may create original jurisdiction if not dismissed pursuant to TMCC's Motion.

4811-1627-4185.1                                                2

fact are true. *Ashcroft v. Iqbal*, -- U.S. ---, 129 S.Ct. 1937, 1949 (2009). TMCC's admission or denial of the very facts which are the basis of its Motion to Dismiss would be illogical. TMCC has not "acted as if the Court has dismissed the FDCPA claim," but has instead stated that an Answer will be provided if the Motion to Dismiss is denied. Dkt. 15, p. 4. This is not contrary to any legal standard, and is certainly not a basis to dismiss the Counterclaim.

Inapposite to the allegations in Plaintiff's Response to TMCC's Motion to Dismiss, Plaintiff next alleges there is no diversity between the parties. Dkt. 21, p. 2-3. However, Plaintiff's Response requested leave to amend the First Amended Complaint to plead diversity jurisdiction. Dkt. 20, p. 9. There is no logical explanation as to how Plaintiff can assert diversity of citizenship in his Response to TMCC's Motion to Dismiss, and then deny the existence of diversity of citizenship in his Motion to Dismiss TMCC's Counterclaim. It appears that it is Plaintiff who is attempting to "bootstrap" contradictory allegations to this Court.

### III. DOE DEFENDANTS

Plaintiff's also argues that diversity jurisdiction should be denied based upon TMCC's inclusion of Doe Defendants. Dkt. 21, p. 3. Plaintiff has made another misrepresentation and contradictory statement before this Court. Plaintiff appears to have forgotten the he is the only party which has asserted the existence of diversity jurisdiction, and that he, too, has named Doe Defendants. Dkt. 12; Dkt. 20, p. 9.

Despite Plaintiff's assertion, the inclusion of Doe Defendant **alone** does not destroy diversity. In *Garter-Bare Company v. Munisgwear, Inc.*, cited in Plaintiff's Motion to Dismiss, the court did not dismiss the plaintiff's complaint for inclusion of doe defendants. 650 F.2d 975, 981 (9th Cir., 1980). Rather, defendant's Motion for Summary Judgment was granted due to plaintiff's apparent failure to identify these "Does" after "extensive discovery." *Id.* at 977 & 981.

Additionally, Plaintiff's Response to TMCC's Motion to Dismiss requests leave to plead diversity jurisdiction, although Plaintiff's own First Amended Complaint contains allegations against three (3) named Doe Defendants. Dkt. 20, p. 9; Dkt. 15. Plaintiff

provides no explanation as to how Doe Defendants destroy diversity for TMCC's Counterclaim, but not for Plaintiff's First Amended Complaint.

In any event, it is TMCC's belief that any attempt, by either party, to dictate what *should* happen *if* Plaintiff's federal claims are dismissed would be purely speculative and premature. Such a commandment would be based on a plethora of unknowns and "what ifs." Whether this Court chooses to grant TMCC's motion and dismiss Plaintiff's remaining claims, without prejudice, or chooses to retain this case based upon diversity jurisdiction and the inclusion of Doe Defendants, will be within the sound discretion of this Court. As this Court currently has jurisdiction of this matter under the FDCPA and 42 U.S.C. 1983, any attack on jurisdiction would be best made if/when original jurisdiction is lost.

WHEREFORE, Toyota Motor Credit Corporation prays that Plaintiff's Motion to Dismiss the Counterclaim be denied, and for such other relief as this Court deems just and equitable.

Dated this 16th day of May, 2011.

KUTAK ROCK LLP


By  s/  Philip A. Overcash
    Philip A. Overcash #022964
    Suite 300
    8601 North Scottsdale Road
    Scottsdale, AZ  85253-2742
    (480) 429-5000 (Telephone)
    (480) 429-5001 (Facsimile)

*Attorneys for Defendant Toyota Motor Credit Corporation d/b/a Toyota Financial Services*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Charles H. Carreon
2165 S. Avenida Planeta
Tucson, AZ 85710

          s/  Kathryn Ann Fitchett
          Certified Paralegal

4811-1627-4185.1